**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
Jeffrey D. Prol, Esq. (JP 7454)
Jeffrey A. Kramer, Esq. (JK 8278)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Proposed Counsel to Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>MICROBILT CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-18143 (MBK) |
| In re:<br><br>CL VERIFY, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-18715 (MBK) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER**
**PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 1015(b)**
**DIRECTING JOINT ADMINISTRATION OF THE**
**DEBTORS' CHAPTER 11 CASES**

MicroBilt Corporation,, *et al.*, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), by and through their proposed undersigned counsel, hereby submit this motion (the "**Motion**"), seeking entry of an order, pursuant to 11 U.S.C. § 105(a) and Rule 1015 of the Federal Rules of Bankruptcy Procedure, administratively consolidating their respective Chapter 11 Cases solely for procedural purposes

and providing for joint administration thereof. In support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of title 11, United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the applicable Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

### BACKGROUND

4. On March 18, 2011 (the "**Petition Date**"), Debtor MicroBilt Corporation ("**MicroBilt**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, on March 23, 2011, Debtor CL Verify, LLC ("**CLV**") also filed a voluntary petition for relief under chapter 11 (collectively, the "**Chapter 11 Case**").

5. The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. As of the filing of this Motion, no trustee, examiner or committee has been requested or appointed in this Chapter 11 Case.

7. Debtor MicroBilt is a corporation duly organized under and existing pursuant to the laws of the State of Delaware, with principal offices located at 100 Canal Pointe Boulevard, Suite 208, Princeton, New Jersey 08540.

8. Debtor CLV is a limited liability company duly organized under and existing pursuant to the laws of the State of Florida, with principal offices located at 3030 North Rocky Point Drive, Suite 670, Tampa, Florida 33607. CLV is wholly-owned by MicroBilt.

9. For information regarding the Debtor's business and the events leading to the filing of this Chapter 11 Case, the Debtor respectfully refers the Court and parties in interest to the Declaration of Walter Wojciechowski in Support of First Day Motions (the "**Wojciechowski Declaration**"), filed simultaneously herewith and incorporated by reference as though fully set forth herein.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek entry of an order directing the joint administration and consolidation of their Chapter 11 Cases solely for procedural purposes.[1]

## BASIS FOR RELIEF REQUESTED

11. For the reasons set forth herein, the Debtors believe that, in light of their affiliated status, the joint handling of the administrative matters respecting these cases – including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors – will aid in expediting these Chapter 11 Cases and rendering their administration more efficient and economical. These Chapter 11 Cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Debtors, their estates, the Court and parties-in-interest.

12. Bankruptcy Rule 1015 governs the joint administration of chapter 11 cases. That rule provides, in relevant part, as follows:

> (b) *Cases Involving Two or More Related Debtors.* If a joint petition or two or more petitions are pending in the same court by

---

[1] Joint administration should be distinguished from substantive consolidation whereby the assets and liabilities of two or more estates are combined.

or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Fed. R. Bankr. P. 1015(b).

13. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code as CLV is a wholly-owned subsidiary of MicorBilt. Accordingly, this Court is authorized to grant the relief requested herein.

14. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). The Advisory Committee Note to Rule 1015 recognizes that the joint administration of bankruptcy cases can promote expedience and cost-efficiency by "using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters[.]" Advisory Committee Note to Fed. R. Bankr. P. 1015(b).

15. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue to be served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful.

16. Joint administration will permit the Clerk to use a single general docket for all of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each Chapter 11 Case will be apprised of the various matters before the Court in the other Chapter 11 Cases.

17. The rights of the respective creditors of the Debtors will not be adversely

affected by the proposed joint administration of these Chapter 11 Cases because each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

18.     The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee for the District of New Jersey (the "**US Trustee**") will also be simplified by joint administration.

19.     Finally, the entry of joint administration orders in related Chapter 11 cases such as these is customary in this district and elsewhere. *See*, *e.g.*, *In re Adamar of New Jersey, Inc.*, Case No. 09-20711 (JHW) (Bankr. D.N.J. May 1, 2009) (order directing joint administration of related Chapter 11 cases); *In re Smurfit-Stone Container Corp.*, Case No. 09-10235 (BLS) (Bankr. D. Del. Jan. 27, 2009) (same); *In re Tribune Co.*, Case No. 08-13141 (KJC) (Bankr. D. Del. Dec. 10, 2008) (same), *In re Tropicana Entm't, LLC*, Case No. 08-10856 (KJC) (Bankr. D. Del. May 12, 2008) (same); *In re Holley Performance Prods. Inc.*, Case No. 08-10256 (PJW) (Bankr. D. Del. Feb. 12, 2008) (same); *In re Friedman's Inc.*, Case No. 08-10161 (CSS) (Bankr. D. Del. Jan. 28, 2008) (same); *In re Pope & Talbot, Inc.*, Case No. 07-11738 (CSS) (Bankr. D. Del. Nov. 21, 2007) (same); *In re SN Liquidation, Inc.*, Case No. 07-11666 (KG) (Bankr. D. Del. Nov. 9, 2007) (same).

20.     Accordingly, the Debtors submit that joint administration of their Chapter 11 Cases is in their best interests, as well as the best interests of their creditors and all other parties-in-interest.

21.     The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be substantially as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| MICROBILT CORPORATION, *et al.*[2] | Case No.  11-18143 (MBK) |
| Debtor. | Jointly Administered |

**WAIVER OF MEMORANDUM OF LAW**

22. Because the legal points and authorities upon which this Motion relies are incorporated herein and do not raise any novel issues of law, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law pursuant to Local Rule 9013-2 be deemed waived.

**NOTICE**

23. No trustee, examiner or, creditors' committee has been appointed in this Chapter 11 Case.  Notice of this Application has been given to (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of New Jersey; (iv) the Internal Revenue Service; (v) the Debtor's twenty largest unsecured creditors; (v) the Debtor's domestic banks and financial institutions; and (vi) those parties who have filed a notice of appearance and request for service of pleadings in the chapter 11 case pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

**NO PRIOR REQUEST**

24. No prior request for the relief sought herein has been made by the Debtors to this or any other court.

---

[2] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: MicroBilt Corporation (7436) and CL Verify, LLC (7151).

**WHEREFORE**, the Debtors respectfully request that this Court: (a) enter an order, in the form submitted herewith, granting the relief requested herein; and (b) grant to the Debtors such other and further relief as the Court may deem proper.

Dated:  March 24, 2011  **LOWENSTEIN SANDLER PC**

By:   */s/ Kenneth A. Rosen*
Kenneth A. Rosen, Esq. (KR 4963)
Jeffrey D. Prol, Esq. (JP 7454)
Jeffrey A. Kramer, Esq. (JK 8278)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Proposed Counsel to the Debtors and Debtors-in-Possession*